GENERAL CONTRACT PURCHASE CORPORATION v. HOLLAND.

4-5137

Opinion delivered June 27, 1938.

*Frank C. Douglas,* for appellant.

*Partlow & Bradley,* for appellee.

DONHAM, J. The appellee, on March 13, 1937, purchased of W. T. Barnett Auto Sales of Blytheville, Ark-

ansas, one new 1937 LaSalle Touring Sedan. The cash price of this car was $1,532, and the credit price, including time payment charges for 24 months, was $1,764.80. Appellee bought on the credit plan, paying $182 cash, traded in his used Chevrolet at an agreed price of $600 and executed his negotiable promissory note for $982.80, payable in 24 months at the rate of $40.95 per month. When he executed the note, he also executed the usual title retaining contract.

W. T. Barnett Auto Sales immediately discounted and sold this note and contract to appellant; and appellee paid to appellant his monthly payments regularly for April, May, June, July and August, 1937. He refused to pay the installment due September 13, 1937. Appellant declared the entire balance of the note due and on October 2, 1937, filed suit in the court of common pleas at Blytheville to collect.

Appellee answered and filed his cross-complaint, asking that W. T. Barnett be made a party to the suit. In his testimony before the common pleas court he admitted the execution of the note which had been negotiated and sold to appellant and also the execution of the contract accompanying said note, admitting that they were given "for the balance of the purchase price" of the LaSalle car. He alleged, however, that on September 7, 1937, he made a new trade with Barnett for a Dodge car, trading in his LaSalle car and making a note for $200 for the Dodge car, and that Barnett was to assume and pay $778.05 which he still owed on the note involved here.

Barnett was made a party to the suit and filed answer denying the allegations as to him and also filed a cross-complaint alleging that appellee owed him the sum of $200 as part of the purchase price of the Dodge automobile.

Judgment was rendered for appellant on the complaint and for Barnett on his cross-complaint against appellee. He appealed from the judgment of the common pleas court to the circuit court, Chickasawba district, Mississippi county. On the first day of the term

of the circuit court, appellee dismissed his cross-complaint against Barnett and filed a pleading which he called "Defendant's Amended Answer and Cross-complaint." By this pleading, appellee abandoned the position that he had taken in the common pleas court and defended the case on an entirely different ground. He contended in the circuit court that he had paid for the LaSalle car at the time he purchased it, and then immediately executed the note sued on to borrow $750. He pleaded usury as a defense.

Appellant filed a motion to strike the amended answer and cross-complaint, but this motion was not passed upon by the court. The case proceeded to trial by jury, which trial resulted in a verdict for the defendant, appellee here. Motion for a new trial was filed and overruled and an appeal was prayed and granted to this court.

The note sued on was introduced in evidence, and it is as follows:

"$982.50            Blytheville, Ark., March 13th, 1937.

"For value received, the undersigned promises to pay to the order of W. T. Barnett Auto Sales the sum of nine hundred eighty-two and 80/100 dollars, in 24 consecutive monthly installments of $40.95 each, and ................monthly installments of $................each, on the 13th of each month commencing April 13th, 1937, at the office of General Contract Purchase Corporation together with interest on each installment after its maturity at the highest lawful rate.

"If any installment of this note is not paid at the time and place specified herein, the entire amount unpaid shall be due and payable forthwith at the election of the holder of this note without notice. The acceptance of any installment hereof by the holder after the time when it becomes due as herein set forth shall not be held to establish a custom, or waive any rights of the holder to enforce prompt payment of any further installments or otherwise.

"If this note shall be placed in the hands of an attorney for collection the undersigned jointly and severally agree to pay fifteen per cent. of the amount then due hereon as an attorney's fee.

"The undersigned hereby waives all benefit of valuation, appraisement and exemption laws. The undersigned and all indorsers and other parties hereto, hereby waive presentment for payment, demand, protest and notice of dishonor, protest and non-payment.

"J. P. HOLLAND,<br>
Purchaser's signature.

"Witness:
  W. T. BARNETT."

On the back of the note there is the indorsement of the payee, W. T. Barnett Auto Sales, made at the time the note was negotiated and sold to appellant.

The sales contract by which appellee purchased the LaSalle automobile from W. T. Barnett Auto Sales was also introduced in evidence. It is unnecessary to copy it in full. The first two paragraphs of the contract provide:

"J. P. Holland (purchaser), Blytheville, Mississippi county, Arkansas, hereinafter called purchaser; W. T. Barnett Auto Sales (dealer's name), Blytheville, Mississippi county, Arkansas, hereinafter called seller.

"Purchaser hereby acknowledges delivery and acceptance of the following described property, including the following described motor vehicle together with all equipment (all of said property being herein called 'car') in its present condition, after thorough examination, which purchaser buys and seller sells on the following terms and conditions:"

Then follows a description of the car purchased and the terms of the contract showing the items covering the purchaser's obligations. It shows that appellee paid by way of cash payment $182; that he traded in a Chevrolet car on which he was given an allowance of $600; that he gave his note for the difference between these two amounts and the time or credit price of the LaSalle car which he purchased, this time price being $1,764.80. The amount for which appellee gave his note was $982.80. The selling price was made up of the cash price of the car, $1,532, plus the time payment charge, $232.80. This charge included insurance on the car,

As hereinabove stated, immediately on the execution of the note by appellee to the W. T. Barnett Auto Sales, the said W. T. Barnett Auto Sales negotiated and sold said note, with the contract of purchase accompanying it, to appellant.

It would serve no useful purpose to set out in detail the evidence introduced in behalf of the respective parties. We have carefully reviewed it and have concluded from our review of the record that appellee's plea of usury is not tenable. The note and contract show upon their face that they were executed for the balance of the purchase price of a LaSalle automobile; that the increased price which appellee agreed to pay for said automobile over the cash price was due to time payment charges, including insurance on the car. By reference to the note, it will be seen that it bears no rate of interest and is payable monthly over a period of 24 months, each monthly payment being $40.95. The note in this form was negotiated and sold to appellant, which, according to the record, had nothing to do with the sale of the car to appellee. As we understand the record, appellant was not engaged in lending money. It was engaged in purchasing negotiable paper at a discount. Not only did it purchase notes given for the unpaid portion of the purchase price of automobiles, but it purchased other kinds of negotiable paper as well. Its home office was in the city of St. Louis and, as stated, it was not engaged in lending money, but was engaged in purchasing negotiable paper at a discount.

As hereinabove stated, appellee's sole defense, on the trial in the circuit court, was that the note was usurious. The fact that the difference between the cash price of the LaSalle car purchased by appellee and the credit price amounted to more than 10 per cent. per annum on the cash price would not make the note usurious. There is nothing in the law that will prevent a dealer from charging a higher price when he sells his goods on time than he would have charged if the purchase price had been paid in cash. The amount of the increase in price is not limited by the law, but it depends upon the agree-

ment of the parties. It was shown that the increase of the credit price over the cash price in the instant case was $232.80, and, as stated, this covered insurance on the automobile and time payment charges. In other words, the total amount of the note represented the balance of the time purchase price of the car. The note was what it purported to be, not one given for borrowed money, but one given for the balance of the time purchase price of an automobile.

The only reason given by appellee as to why he ceased making payments on the note in question was that he had made a second deal with W. T. Barnett Auto Sales by which Barnett agreed to assume the payment of all the unpaid installments of the note. It might be that he had a claim against W. T. Barnett Auto Sales for breach of the contract which he alleges he had with said Auto Sales; but this was no defense to an action on the note by appellant. Appellee had signed the note and contract which had been negotiated and sold to appellant and he was liable thereon. A verdict should have been directed in appellant's favor.

The cause is reversed, and judgment entered here for the balance due on said note in the sum of $778.05, with interest at the rate of 6 per cent. per annum from October 2, 1937, to this date and for costs.